PER CURIAM.
On July 12, 1978, Dr. Alberto Perez-No-darse, as Coordinator of the Cuban-American Lawyers General Assembly, presented to this Court a Memorandum in Support of the Cuban-American Lawyers Candidates to the Florida Bar Examination who were participants in the Cuban-American Law Institute (CALI). We treat the memorandum as an application for waiver of the Rules of the Supreme Court Relating to Admission to the Bar. By such memorandum three types of relief are requested: (i) that each Cuban-American lawyer who has taken at least one [Florida] bar examination be permitted to participate in the Law School Civil and Criminal Practice Program which exists by virtue of Florida Bar Integration Rule, article XVIII; (ii) that due to linguistic considerations the minimum passing score be adjusted downward for Cuban-American candidates for admission; and (iii) that, in the event the Court should rule favorably on proposition (ii), Cuban-American candidates who have exhausted the number of examination attempts permissible under the rules governing admissions be granted an additional opportunity to sit for the bar examination under the proposed relaxed grade requirements.
*219 The application has been supported by the state attorney and public defender for the Eleventh Judicial Circuit. Communications have been received also from several academicians specializing in linguistics explaining the significance of the language factor in the examination process. The Commission on Spanish Speaking Populace of Florida also has communicated its support of the application.
After a careful review of all the materials submitted it is the decision of this Court that each form of relief must be denied. Since approximately June of 1975, when applications for relief which transcended the provisions of the 1973 order authorizing the CALI Program began to be addressed to the Court, we have given thoughtful and sincere consideration to many alternatives which would accommodate the problems experienced by the CALI candidates. Among those alternatives were the very suggestions which are here advanced. As a result of our periodic reconsideration of the CALI Program, certain modes of relief were fashioned including the appointment of a special committee to review the grading practices of the Florida Board of Bar Examiners, review of individual examination papers upon the request of an applicant by faculty of the University of Florida with provision for additional faculty assistance to remedy deficiencies, and the conditional admittance of successful CALI applicants pending completion of character and fitness investigations by the Florida Board of Bar Examiners.
While we have continued sympathetic to the condition of the CALI applicants, we have nonetheless remained mindful of our paramount responsibility in the admissions process — to protect the public by ensuring that those who are admitted to practice law in this state have demonstrated a required level of competence. In balancing these considerations, it is our judgment that the exceptions to the admissions process heretofore granted on behalf of the CALI applicants have exhausted the measures which this Court should invoke, consistent with the public interest.
Accordingly, the application of Dr. Alberto Perez-Nodarse is denied.
ENGLAND, C. J., and ADKINS, OVER-TON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
BOYD, J., dissents.